IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SIMPLER CONSULTING, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 05-452 |
| THOMAS MICHAEL WALL, and BETTER ENTERPRISE SOLUTIONS, CORP., d/b/a BESCORP, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff Simpler Consulting, Inc. ("Simpler") has been awarded summary judgment on liability at Count II in its Amended Complaint, as a result of breach of contract by the Defendant Thomas Wall ("Wall"or "Defendant").[1]  Pending is a motion by Plaintiff requesting damages and injunctive relief for the breach of contract at Count II, and a motion to strike by Defendant.  For the following reasons, Defendant's Motion to Strike [94] is GRANTED, and Plaintiff's Motion for Damages and Injunctive Relief at Count II [68 and 75] is DENIED.  Plaintiff's motion for damages and attorney's fees under the Agreement is denied without prejudice, and Plaintiff's requests for

---

[1] Plaintiff's Motion for Summary Judgment alleges copyright infringement, conversion, and violations of the Lanham Act against Wall and BESCORP (collectively, "Defendants"), and breach of contract against only Mr. Wall.  The breach of contract claim results from alleged breaches of a Settlement Agreement entered into between Mr. Wall and Simpler upon the termination of his employment with Simpler.

1

injunctive relief are denied with prejudice.

## II. FACTUAL BACKGROUND

Wall is a former employee of Simpler and upon the termination of his employment, the parties entered into a Settlement Agreement and General Release ("Agreement") which contained restrictive covenants preventing Wall from having contact with certain entities, hiring ex-Simpler employees, and from using Simpler materials in any manner. Simpler moved for summary judgment for breach of the Agreement alleging that it was entitled to damages for breach of contract against Wall, for numerous violations of the Agreement. (Docket No. 37.) The alleged violations included that of paragraphs 4 and 5 of the Agreement by Wall for copying, using or publishing Simpler Materials and for failing to return such materials. (Docket No. 37.) Further, it is alleged that Wall violated the Agreement by hiring a former Simpler employee, performing work for prohibited entities, and disclosing Simpler's confidential pricing structure to another entity during a bidding process in which both Simpler and Wall were competing to win a contract. (Docket No. 37.)

Summary judgment has been granted to Simpler at Count II, breach of contract. In the instant motion, Simpler claims that the award of summary judgment entitles it to injunctive relief, liquidated damages, and attorneys' fees under section 14.7 of the Agreement.

## III. PROCEDURAL HISTORY

On February 24, 2006, Plaintiff filed an Amended Complaint asserting copyright infringement, breach of contract, civil conspiracy, conversion, unjust enrichment, and violation of the Lanham Act, 15 U.S.C. § 1125(a). (Docket No. 21.)

On October 12, 2006, Plaintiff filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law on Counts I, II, IV, and VI, i.e., copyright infringement,

breach of contract, conversion and violations of the Lanham Act. (Docket No. 37.)

At oral argument on February 21, 2007, Judge Hardiman ruled from the bench that the Plaintiff was entitled to summary judgment at Count II, breach of contract. (Docket No. 62.)

Summary judgment in favor of the Plaintiff at Count II was entered in a March 1, 2007 Order by Judge Hardiman who held that "upon consideration of Plaintiff's motion for summary judgment (Doc. No. 37), the arguments of counsel made at the hearing on this matter on February 21, 2007, and all of the briefs and exhibits filed in support of and in opposition to the Motion, it is hereby Ordered that: (1.) Plaintiff's Motion as to Count II of the Complaint (breach of contract) against Defendant Wall is GRANTED." (Docket No. 66.) Additionally, Judge Hardiman ordered that the Plaintiff file a brief in support of damages and/or injunctive relief, and that Defendant file a response. (Docket No. 66.) Such order was stayed while the parties engaged in settlement negotiations. (Docket No. 69.)

Subsequently, Plaintiff filed a notice of additional breaches of contract and request for injunctive relief, alleging that Defendant had breached the Agreement by entering into a contract with the Joint Strike Fighter Program and had been a presenter at the Shingo Prize Conference in violation of the Agreement. (Docket No. 68.)

On April 6, 2007, the case was reassigned to the undersigned Judge. The parties continued to engage in settlement negotiations and mediation was suggested as an alternative by this Court. (Docket No. 72.)

The parties represented to the Court that neither settlement negotiations or mediation would be fruitful and the Court then ordered on June 13, 2007 that Plaintiff file a brief in support of damages/injunctive relief and that Defendant file a response.

On June 25, 2007, Plaintiff filed a sealed brief in support of money damages and injunctive relief. (Docket No. 75.) Plaintiff claims that under the terms of the Agreement it is entitled to liquidated damages, attorneys fees, and equitable relief in the form of a permanent injunction as a result of the grant of summary judgment in its favor on Count II. (Docket No. 75.) In addition, plaintiff claims that it has reserved the right to pursue monetary damages for various breaches. (Docket No. 75.)

Defendant responded by filing a Motion to Strike arguing that Plaintiff's brief should have been limited to the injunctive relief sought in Docket No. 68, Plaintiff's notice of additional breaches and request for injunction. (Docket No. 77.) Defendant further filed a Brief in Opposition, arguing similarly that Plaintiff was not entitled to a preliminary injunction for any alleged actions of Defendant in regard to entering into a contract with the Joint Strike Fighter Program. (Docket No. 81.) Defendant did not address the other issues related to injunctive relief raised by Plaintiff in Docket No. 75. (Docket No. 81.)

Oral argument was held by the Court on July 11, 2007. (Docket No. 85.) As a result of oral argument, the Court entered an order permitting the Defendant to file a supplemental brief in opposition to the Plaintiff's request for injunctive relief and damages. (Docket No. 85.) Defendant filed such supplemental brief on July 25, 2007, arguing that Plaintiff was not entitled to injunctive relief because it had not established that the Court had equity jurisdiction over its claims. (Docket No. 88.)

Plaintiff thereafter filed a Reply Brief addressing the Defendant's Supplemental Brief. (Docket No. 93.) Defendant next filed the pending motion to strike Plaintiff's Reply Brief arguing that the Court's July 11, 2007 Order did not permit Plaintiff to file such a reply. (Docket No. 94.)

4

Subsequently, on October 18, 2007, the Court began to hear testimony and additional oral argument from counsel with regard to the pending motion for injunctive relief. (Docket No. 102.) As a result of that argument and with the agreement of counsel, the Court denied as moot Plaintiff's notice of additional breaches and request for injunctive relief with regard to the Shingo Prize Conference on October 23, 2007. (Docket No. 103.)

Given the unavailability of counsel and witnesses, the hearing was continued to November 28, 2007, at which time the Court heard further testimony with regard to the Motion for Injunctive Relief.[2] (Docket No. 116.) Thereafter, counsel for the Defendants suggested further negotiations, to no avail. Accordingly, the present motions are ripe for disposition.

IV. DISCUSSION

The parties have agreed in section 14.6 of the Agreement that Pennsylvania law will be applied to interpret the Agreement. Neither party has contested such application of Pennsylvania law, and "Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them." *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994) (citing *Smith v. Commonwealth Nat. Bank*, 384 Pa.Super. 65, 557 A.2d 775, 777

---

[2] The following is the procedural history for the Defendants' pending counterclaim. Defendants filed a Motion for Leave to File Compulsory Counterclaims against Plaintiff on November 3, 2006. (Docket No. 43.) The Court heard oral argument at a hearing on October 16, 2007. On November 1, 2007, the Court granted said motion and entered a Memorandum Opinion and Order. (Docket Nos. 107 & 108.) On November 11, 2007, Defendants thereafter filed an Answer to Amended Complaint, and Amended Counterclaim against Plaintiff. (Docket No. 111.) In their amended counterclaim, Defendants allege breach of contract against Plaintiff for certain violations of the Agreement. (Docket No. 111.) Subsequently, Plaintiff filed a Motion to Dismiss Defendants' Counterclaims. (Docket No. 117.) On December 20, 2007, the Court entered an Order converting the Motion to Dismiss into a Motion for Summary Judgment. (Docket No. 122.) The Court has since granted two motions to continue discovery on such claims. (Docket Nos. 124 & 127.)

5

(1989), appeal denied, 524 Pa. 610, 569 A.2d 1369 (1990)).  As such, the Court will apply Pennsylvania law to interpret the Agreement.

Pennsylvania rules of contract interpretation require the court to "ascertain and give effect to the intent of the contracting parties." *Murphy v. Duquesne University Of The Holy Ghost*, 565 Pa. 571, 590-591 (Pa. 2001).  Such intent is to be determined from reading the entire agreement as a whole and "when a writing is clear and unequivocal, its meaning must be determined by its contents alone." *Murphy*, 565 Pa. at 591 (citations omitted).  If the terms of the agreement are unambiguous, the plain meaning of the terms of the agreement will be enforced.  *Id.*

With these principles in mind, the Court now turns to the terms of the Agreement.  Plaintiff asserts that it is entitled to liquidated damages, attorneys' fees and injunctive relief as a result of the grant of summary judgment on Count II in its favor.  Defendant denies such liability.[3]  Each argument is addressed below, in turn.

      A.    *Liquidated Damages and Attorneys' Fees*

Section 14.7 of the Agreement provides that "the **non-breaching party** shall be entitled, in addition to all other remedies and damages, to recover any monies paid as consideration for this Agreement, as well as reasonable attorneys' fees and related costs and expenses incurred in connection with the enforcement of the Agreement." (Docket No. 75 at 9 (emphasis added).)

---

[3] The Court notes that Defendant appears to have conceded some liability in its Brief in Opposition to Plaintiff's Motion for Injunctive Relief and Damages on Count II for liquidated damages and attorneys' fees under the Agreement. (Docket No. 81 at 16.) However, Defendant's Brief was filed prior to the Court's Order granting the Defendants' motion for leave to file its breach of contract counterclaim and was drafted in response to Plaintiff's Motion. As such, the Court views such as argument of counsel or a reasonable offer for settlement purposes and not a judicial admission binding Defendants.

Plaintiff has been awarded summary judgment as to Count II of its Complaint, and has asserted that upon the grant of such award it became a non-breaching party under the Agreement and as such, it is entitled to liquidated damages, attorneys fees and other remedies and damages described in section 14.7. Ordinarily, this would be a reasonable and correct interpretation of "non-breaching party" however, this Court has permitted Defendants to assert certain counterclaims against Plaintiff. (*See* Docket No. 108.) Among the counterclaims asserted by Defendants is a breach of contract claim for breach of the Agreement. (*See* Docket No.111.) Defendants' counterclaim is now in fact discovery and subject to a motion for summary judgment. (*See* Docket No. 124.) As the disposition of the counterclaim will directly affect the Plaintiff's claim of non-breaching party status and the availability of any potential remedies or damages, the Court DENIES, without prejudice, the Plaintiff's claim of liquidated damages and attorneys' fees under the Agreement at Count II of its Amended Complaint.

B. *Equitable Remedies*

While the Plaintiff's request for an injunction is also susceptible to the non-breaching party analysis above, because of certain assertions in Plaintiff's briefs, further analysis of the request for an injunction is required.

Plaintiff claims that the award of summary judgment on the breach of contract claim entitles it to a permanent injunction incorporating sections 4 and 5 of the Agreement into a Court Order, and that this Court extend the term provision in section 3 of the Agreement from a 2007 end date an additional three (3) years until 2010.[4] (Docket No. 75.) Plaintiff relies on language in section 14.7

---

[4] The Court notes that in its Notice of Additional Breaches of Contract by Defendant Wall and Request for Injunction, Plaintiff appeared to assert a right to a preliminary injunction for an

7

of the contract that "the non-breaching party shall be entitled, in addition to all other remedies and damages ..." to support its argument that equitable remedies are available in addition to the liquidated damages and attorneys' fees specifically listed in the clause. Plaintiff asserts that Defendant has committed multiple breaches of the Agreement, and as such it is entitled to equitable relief in the form of an injunction. (Docket No. 75.) Defendant counters that Plaintiff is not entitled to equitable relief, as it has failed to establish that the Court has equity jurisdiction over the Plaintiff's breach of contract claims. (Docket No. 88 at 8.)

The grant of equitable relief by this Court is an extraordinary remedy, and Plaintiff has the burden to prove that it is entitled to injunctive relief. To meet its burden, Plaintiff must establish that: the Court can properly assert equity jurisdiction of the claim; it has succeeded on the merits of the claim; and it can "demonstrate that the balance of the equities tips in favor of injunctive relief."

---

additional breach of contract, that Wall contracted with the Joint Strike Fighter Program ("JSF") in contravention of the Agreement. (Docket No. 68.) On June 13, 2007, this Court entered an "ORDER indicating that given the parties representations to the Court that neither mediation nor settlement negotiations will bear fruit at this time, it is ordered that re 68 Notice (Other) filed by SIMPLER CONSULTING, INC., MOTION for Injunctive Relief filed by SIMPLER CONSULTING, INC., plaintiff shall file a Brief in Support of Injunctive Relief and Damages on Ct II." (*See* text order of June 13, 2007.) In response to this order, Plaintiff filed a Brief in Support of Injunctive Relief and Damages on Count II which merely includes the breach of the JSF contract as an additional breach warranting the injunctive relief requested as discussed above, and makes no independent request for a preliminary injunction. (Docket No. 75.) As such, this Court will not affirmatively construe the claims of breach of contact regarding the Wall/JSF contract as a request for a preliminary injunction.

The Court further notes that many issues of fact remain with respect to the Plaintiff's claim that Wall/BESCORP's contract with JSF is a breach of the Agreement. Plaintiff drafted the list of entities on Schedule A of the Agreement to include "JSF work with Pentagon thru LM" and as such, the contract is interpreted against the drafter. (Docket No. 101 at ¶ 11:1-4.) The parties asserted at oral argument that the meaning of "LM" within Schedule A is Lockheed Martin, but offered disputed accounts as to the meaning of "work with Pentagon" and "thru." (Docket No. 101 at ¶¶ 93:9-94:3.) The Court therefore will not accept Plaintiff's argument that the contract between Wall/BESCORP and JSF is a breach of the Agreement at this time, as factual issues remain in dispute.

*LCI Communications, Inc. v. Wilson*, 700 F.Supp. 1390, 1398 (W.D. Pa. 1988) (citing *Northeast Women's Center, Inc. v. McMonagle*, 665 F.Supp. 1147, 1152-53 (E.D.Pa.1987)). "Equity jurisdiction is proper if (1) the plaintiff has no adequate legal remedy, (2) the threatened injury is real, not imagined, and (3) no equitable defenses preclude jurisdiction." *LCI Communications*, 700 F.Supp at 1398 (citing 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, 2942-44 (1973)). "The main prerequisite to obtaining a permanent injunction is a finding that plaintiff will suffer some injury for which he has no adequate remedy. What constitutes an adequate remedy depends on the facts of each case. However, if a legal remedy would be as effective as an injunction in providing the claimant with relief, there is no need for the court to invoke its equity jurisdiction." *Id*.

Plaintiff claims it is entitled to injunctive relief under section 14.7 of the Agreement.[5] The parties to a contract however cannot grant the Court equitable jurisdiction over a claim. *See Dice v. Clinicorp, Inc.*, 887 F.Supp. 803, 810 (W.D. Pa. 1995) ("A contractual provision simply cannot act as a substitute for a finding by this Court that it would be appropriate to invoke its equitable powers. '[I]t is clear that the parties to a contract cannot, by including certain language in that contract, create a right to injunctive relief where it would otherwise be inappropriate.'") (quoting *Firemen's Ins. Co. of Newark v. Keating*, 753 F.Supp. 1146, 1154 (S.D.N.Y.1990)). This principle is even more applicable in this case as the Plaintiff has asserted a right to injunctive relief not under a clause specifically stating that such remedy is available, but under a more general 'any and all

---

[5] In its Reply Brief, Plaintiff asserts that "Defendants address the permanent injunction issue as if it were some type of extraordinary relief requested by Simpler. To the contrary, it is relief to which Simpler is entitled by virtue of the parties' written agreement." (Docket No. 93 at 5.)

9

remedies and damages' clause. As the terms of the contract cannot create an entitlement to equitable relief, the Plaintiffs have the burden to establish that this Court has equity jurisdiction over its breach of contract claim.

In its request for an injunction, Plaintiff has asserted a right to legal remedies as a result of Defendant's breach of contract, in the form of liquidated damages and has also asserted that it has reserved the right to pursue other legal remedies for the Defendant's alleged breaches.[6] (Docket No. 75.) While Plaintiff suggests that the legal remedies available are not sufficient,[7] by requesting such legal remedies, including reserving the right to pursue money damages, Plaintiff has failed to establish that it does not have an adequate legal remedy or that such legal remedy will not be

---

[6]

(*See* Docket No. 75 at 9.) Plaintiff asserts that "[t]his brief is directed only to the issues of consideration for the Agreement, attorneys' fees and costs, and injunctive relief. Simpler reserves the right to seek actual damages incurred as a result of the various breaches of the Agreement."

Further, at oral argument on July 11, 2007, Plaintiff's counsel argued to the Court that: "[Defense Counsel] goes on and says that there is always this [argument] that Simpler can't prove damages. We certainly don't agree to that. We think we can prove actual damages under the contract because they undercut our pricing." (Docket No. 101 at 68:16-68:19.)

Simpler argued in both its brief and at oral argument that it is entitled to a permanent injunction of the activities described in paragraphs 4 and 5 of the Agreement and also asserts that it can and will prove actual damages for an alleged breach of contract under these specific provisions, i.e., the disclosure of Simpler pricing to another entity. (*See* Docket No. 75 at 4.) Also, despite these assertions by counsel, and the Court's request that Plaintiff submit a brief on damages and injunctive relief, the Plaintiff has not outlined what damages to which it claims entitlement for Wall's alleged disclosure and undercutting of Simpler's pricing.

[7]

In its Brief in Support of Injunctive Relief and Damages, Plaintiff asserts that "... the payment of liquidated damages and fees does not extinguish Mr. Wall's contractual responsibilities. Paragraph 14.7 provides that the non-breaching party is entitled to monies paid in consideration for the Agreement, attorneys' fees and costs as in addition to 'all other remedies and damages.' It is axiomatic that the payment of these liquidated damages does not render the balance of the contract void. Such a result would likewise reward the breaching conduct." (Docket No. 75 at 12.)

10

effective in providing relief. *See Penn Central Co. v. Buckley & Co.*, 293 F.Supp. 653, 658 (D.C. N.J. 1968), aff'd 415 F.2d 762 (3d Cir. 1969) ("It is elementary that injunctive relief will not be granted where the plaintiff has an adequate remedy at law, and the absence of such a remedy must be clearly disclosed as evidence. No such situation is presented in this case. Indeed the complaint itself, in seeking damages for the succession of alleged torts [ ... ] suggests the existence of an adequate remedy at law.") As Plaintiff has failed to establish that it is entitled to equitable relief in the form of a permanent injunction or an extension of the terms of the Agreement, such claims are DENIED with prejudice.[8]

Further, Defendant has requested that this Court strike a reply brief filed by Plaintiff in support of its claim of injunctive relief or to alternatively grant it leave to file a sur-reply brief. (Docket No. 94.) This Court GRANTS said motion as Plaintiff did not seek leave per this Court's policies and procedures. In fact, Plaintiff states as much in its brief, "Simpler acknowledges that the Court's July 11, 2007 Order was silent with respect to the filing of a reply brief." (Docket No. 95 at 2.) Moreover, this Court has denied the Plaintiff's request for injunctive relief at Count II of its Amended Complaint, and therefore, Defendant's request to file a sur-reply brief is moot.

---

[8]

While the Court's analysis of equitable jurisdiction here ends at the first requirement because Plaintiff has not proven that it has no adequate remedy at law, the Court acknowledges Defendant's argument that equity jurisdiction would also fail based on the second requirement for same, i.e., that the Plaintiff prove that the threatened injury is real, not imagined. Specifically, the Defendant has asserted in its briefs that Jim Frischenmeyer is no longer employed by Mr. Wall or BESCorp. (Docket No. 88 at 9.)

Further, even if equity jurisdiction was proper, the grant of an injunction in the restrictive covenant setting, such as here, is limited and not favored under Pennsylvania law. *See Hess v. Gebhard & Co., Inc.*, 570 Pa. 148, 151 (Pa. 2002) ("restrictive covenants are not favored in Pennsylvania and have been historically viewed as a trade restraint that prevents a former employee from earning a living.").

## V. CONCLUSION

Based on the foregoing, Defendant's Motion to Strike [94] is GRANTED, and Plaintiff's Motion for Injunctive Relief and Damages [68 and 75] is DENIED. Plaintiff's request for a permanent injunction is denied with prejudice because it has failed to establish that the Court has equity jurisdiction over its claims. Plaintiff's claims for money damages and attorneys' fees are denied without prejudice because it cannot claim non-breaching party status under the Agreement until Defendants' breach of contract counterclaim against it is resolved. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: March 20, 2008

cc: All counsel of record