# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMPLER CONSULTING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-452 |
| ) | Judge Nora Barry Fischer |
| THOMAS MICHAEL WALL, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

### I.  Introduction and Procedural Background

The plaintiff in this case is Simpler Consulting, Inc. ("Simpler"), a Pennsylvania corporation that provides consulting services in the field of "lean" based business conversions. (Docket No. 21, First Amended Complaint, (the "Complaint")). "Lean" is a process management philosophy derived from the Toyota Production System that is focused on continuous improvement and waste elimination.[1]

The Defendants in this case are Thomas Michael Wall ("Wall"), a former employee of Simpler (Complaint at ¶ 11), and Better Enterprise Solutions Corp. d/b/a BESCORP. ("BESCorp") (collectively "Defendants"), a Kansas corporation of which Wall is the president and founder. (Docket No. 21 ¶ 3; Docket No. 50 at ¶ 5). BESCorp also provides consulting services in the field of lean based business conversions.[2]

---

S *ee* http://www.simpler.com (visited March 24, 2008)

[2]*See* http://www.bescorp.us (visited March 24, 2008)

1

On February 24, 2006, Simpler filed this action against Defendants alleging copyright infringement (Count I), breach of contract (Count II), civil conspiracy (Count III), conversion (Count IV), unjust enrichment (Count V), and violation of the Lanham Act (Count VI). On October 12, 2006, Simpler filed a motion for summary judgment as to Counts I, II, IV and VI. (Document No. 37, Plaintiff's Motion for Summary Judgment on Counts I, II, IV and VI of the First Amended Complaint ("Simpler's Motion")). At the conclusion of the February 21, 2007 oral argument on Simpler's Motion, Judge Hardiman granted Simpler's Motion as to Count II of the Complaint. (Docket No. 61). The Order on Simpler's Motion, which was entered on March 1, 2007, granted Simpler's Motion as to Count II and ordered that Simpler file a brief in support of damages and/or injunctive relief and that Defendants file a response. (Docket No. 66). Such Order was stayed and then suspended indefinitely while the parties engaged in settlement negotiations. (Docket Nos. 69, 71).

On April 6, 2007, following Judge Hardiman's elevation to the United States Court of Appeals for the Third Circuit, this action was assigned to the undersigned Judge. Thereafter, the parties continued to engage in settlement negotiations. In addition, this Court suggested that the parties consider mediation. (Docket No. 72). Following a Status Conference with the Court on May 14, 2007, the parties represented to the Court that neither further settlement negotiations nor mediation would be fruitful. (Text Only Docket Entry Dated June 13, 2007). Accordingly, on June 13, 2007, this Court Ordered that Simpler file a brief in support of damages and/or injunctive relief as Ordered by Judge Hardiman on March 1, 2007. *Id*.

During the July 11, 2007 motion hearing on Simpler's Motion for Injunctive Relief (Docket No. 75), the Court discussed with the parties the potential need for further briefing related to

Simpler's Motion because of the length of time that had elapsed since Simpler's Motion was filed. Accordingly, the Court provided the parties with the opportunity to supplement the law cited in the briefs in support of and in opposition to Simpler's Motion and to respond to any supplement filed by the opposing party. (Docket No. 85 at ¶¶ 6-7).

On August 29, 2007, Defendants filed a Supplemental Brief in Opposition to Plaintiff's Motion for Summary Judgment on the Issue of Copyright Infringement. (Docket No. 96). On September 12, 2007, Plaintiff filed a Reply to Defendants' Supplemental Brief. (Docket No. 97). On October 1, 2007, following this Court's Order granting Defendants' request for leave to file an additional supplemental brief (Docket No. 99), Defendants filed a Reply Brief to Plaintiff's Reply to Defendants' Supplemental Brief. (Docket No. 100). On October 25, 2007, Plaintiff filed at response to Defendants' October 1, 2007 brief. (Docket No. 104). On November 2, 2007, the undersigned Judge ordered that no further briefing would be allowed as to Simpler's Motion. On March 20, 2008, this Court granted Defendants' Motion to Strike (Docket No. 94) and denied Simpler's Motion for Injunctive Relief and Damages (Docket Nos. 68, 75). (Docket No. 129). Despite this Court's November 2, 2007 Order, Plaintiff filed a Reply to the Declaration of David Spear on March 24, 2008. (Docket No. 130).

Currently pending before this Court is Simpler's Motion as to Counts I, IV and VI. Upon consideration of Simpler's Motion and briefs in support thereof, Defendants' response thereto, and the above-referenced supplemental briefs, and as set forth in detail below, Simpler's Motion [37] is DENIED as to Counts I, IV and VI.

3

## II.     Relevant Factual Background[3]

Wall was employed by Simpler between 1999 and 2004. (Docket No. 39, Plaintiff's Concise Statement of Material Facts ("Plaintiff's Facts") at ¶ 1; Docket No. 50, Defendants' Responsive Concise Statement ("Defendants' Facts") at ¶ 1).[4] On August 23, 2004, Simpler and Wall entered into a Settlement Agreement and General Release (the "Agreement") for the purpose of settling an EEOC claim filed by Wall against Simpler and an action filed by Simpler against Wall in the Court of Common Pleas of Allegheny County. (Plaintiff's Facts at ¶¶ 2-3). The Agreement contained certain restrictive covenants which were at issue in Count II of the Complaint.

During or following his employment with Simpler, Wall formed BESCorp, a company which competes with Simpler. (Plaintiff's Facts at ¶ 5; Defendants' Facts at ¶ 5). Wall owns 44% of BESCorp and serves as its president. (Plaintiff's Facts at ¶ 6). The balance of the company is owned by Wall's wife and mother in law. (Plaintiff's Facts at ¶ 6).

In 2004, Northrup Grumman, a global defense and technology company providing systems, products and solutions in information and services, electronics, aerospace and shipbuilding to government and commercial customers,[5] requested that Wall join its team as a subcontractor to compete for a bid for a contract to work on the Naval Sea Systems Command of the United States Navy (the "NAVSEA" contract). (Plaintiff's Facts at ¶ 7). Wall provided input to Northrup

---

[3]The following is a summary of the factual background of this case only as to Counts I, IV and VI. Facts relevant only to Count II are intentionally omitted because Judge Hardiman previously ruled on Simpler's Motion as to Count II.

[4]Unless noted otherwise, Plaintiff's Facts cited herein are admitted by Defendants in the corresponding paragraph of Defendants' Facts.

[5]*See* http://www.northrupgrumman.com/about_us/index.html (visited March 24, 2008).

4

Grumman for submission of the bid for the NAVSEA contract and Northrup Grumman submitted its bid with BESCorp as a subcontractor. (Plaintiff's Facts at ¶ 7). Simpler also submitted a bid for the NAVSEA contract through the VSE Corporation as a primary contractor. (Plaintiff's Facts at ¶ 8). The NAVSEA contract was awarded to Northrup Grumman, with BESCorp as its sub-contractor. (Plaintiff's Facts at ¶ 9).

Simpler alleges that, following the award of the NAVSEA contract to Northrup Grumman and BESCorp, Wall and BESCorp provided various presentations and written materials to NAVSEA and Northrup Grumman in connection with BESCorp's consulting services. (Complaint at ¶ 28). Simpler alleges that these materials included multiple pages copied or derived from documents owned and copyrighted by Simpler. (Complaint at ¶ 28). Further, Simpler alleges that such presentations and materials were identical or substantially similar to documents owned and copyrighted by Simpler. (Complaint at ¶ 37). Defendants generally deny such facts in their Answer and Affirmative Defenses. (Docket No. 50 at ¶¶ 28, 37).

The documents at issue are contained in Appendices K and O to Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment on Counts I, II, IV and VI of the First Amended Complaint (Docket No. 38 at p. 25; Docket No. 58 at p. 19). Appendix K contains slides created by Wall that were incorporated into a NAVSEA training module titled "Transforming Value Stream." (Plaintiff's Facts at ¶ 40, 45, 47; Appendix K; Defendants' Facts at ¶ 42). Appendix O contains slides created by Wall that were incorporated into a document entitled "Executive Planning Session." (Plaintiff's Facts at ¶ 48; Appendix O). Simpler alleges that the images contained in Appendices K and O are the property of Simpler. (Plaintiff's Facts at ¶¶ 42, 45, 47, 50). Defendants deny that these images are the property of Simpler. (Defendants' Facts at ¶¶ 42, 45, 47, 50).

5

Instead, Defendants argue that the images contained in Appendices K and O were provided by Wall, within the scope of his employment with Simpler, to numerous government installations without limited or restricted rights legends affixed thereto. (Defendants' Facts at ¶¶ 42, 45, 47, 50). Additionally, Defendants argue that Simpler did not execute a Notice of Limited or Restricted Rights related to any of the photographs. (Defendants' Facts at ¶ 42). Finally, Wall testified in his deposition that he does not know the source of the images contained on pages 18 and 107 of Appendix K. (Plaintiff's Facts at ¶ 41, 44). The parties do not appear to dispute that Defendants copied the documents at issue.

In addition, Simpler alleges that Defendants made certain misrepresentations in a brochure for BESCorp. (Plaintiff's Facts at ¶¶ 63, 64). Defendants deny that the brochure contains misrepresentations. (Defendants' Facts at ¶¶ 63, 64). Specifically, Simpler alleges that Defendants made the following misrepresentations:

1. The BESCorp brochure contains quotations from Major General Dennis Haines and General Paul Kern referring to certain work. (Plaintiff's Facts at ¶ 63). Simpler alleges that the work referred to in these quotations was performed by Simpler, not BESCorp. (Plaintiff's Facts at ¶ 63). Defendants deny these allegations, stating that the quotations at issue referred to improvements made by the government and do not refer to work performed by either Simpler or BESCorp. (Defendants' Facts at ¶ 63).

2. The BESCorp brochure provides that Royal Air Force Harrier ("Harrier") achieved 100:1 first year return on investment. (Plaintiff's Facts at ¶ 64). Defendants admit that Harrier was not a BESCorp client. (Plaintiff's Facts at ¶ 66).

3. The BESCorp brochure provides that several BESCorp clients are the recipients of

the Shingo Prize Award for Excellence in Manufacturing. (Plaintiff's Facts at ¶ 64). Simpler alleges, and Defendants deny, that no BESCorp client has ever won the Shingo Prize. (Plaintiff's Facts at ¶ 68; Defendants' Facts at ¶68). Defendants argue that the U.S. Air Force is a BESCorp client, and has won the Shingo Prize. (Defendants' Facts at ¶ 68).

4. The BESCorp brochure contains two photographs of the Royal Air Force Base in Cottesmore. (Plaintiff's Facts at ¶ 64). The parties agree that the Royal Air Force Base in Cottesmore is a Simpler client, however, Defendants deny that it is exclusively a Simpler client. (Plaintiff's Facts at ¶ 67; Defendants' Facts at ¶ 67).

### III. Standard of Review

Summary judgment may only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Pursuant to Federal Rule of Civil Procedure 56(c), the Court must enter summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the Court must interpret the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007). The burden is initially on the moving party to demonstrate that the evidence contained in the record does not create a genuine issue of material fact. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004). A dispute is "genuine" if the evidence is such that a reasonable

7

jury could return a verdict for the non-moving party. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Where the non-moving party will bear the burden of proof at trial, the moving party may meet its burden by showing that the admissible evidence contained in the record would be insufficient to carry the non-moving party's burden of proof. *Celotex*, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond his or her pleadings and designate specific facts by the use of affidavits, depositions, admissions or answers to interrogatories in order to show that there is a genuine issue of material fact for trial. *Id.* at 324. The non-moving party cannot defeat a well supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

## IV. Discussion

### A. Simpler's Copyright Claim (Count I)

In order to succeed on its motion for summary judgment with respect to Simpler's claim for copyright infringement against Defendants pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.,* Simpler must show that it owned the copyrighted material and that the Defendants copied such materials in violation thereof. *Feist Publications, Inc. v. Rural Tel. Service Co.*, 499 U.S. 340 (1991). Simpler argues, and Defendants do not deny, that Defendants copied the materials at issue. (Docket 97 at p. 3).

Simpler argues that it is entitled to summary judgment on its copyright claim because Defendants used images owned by Simpler (Docket No 40, Appendices L, M, N and P) to create the slides in Appendices K and O to Simpler's Motion. (Plaintiff's Facts at ¶¶ 42, 45, 47, 50; Docket No. 40). Defendants deny that the images used to make these slides are the property of

Simpler. (Defendants' Facts at ¶¶ 42, 45, 47, 50). Indeed, Defendants argue that the images at issue were delivered by Simpler to the government in the performance of work under contracts that were subject to the Defense Federal Acquisition Regulation Supplement ("DFARs").[6] (Defendants' Facts at ¶ 42). Therefore, Defendants argue, regardless of Simpler's asserted copyright protection, pursuant to the DFARs, the government obtained unlimited rights to all materials and data delivered pursuant to the contract that are not otherwise marked with a restrictive legend and could authorize Defendants to use the same. (Defendants' Facts at ¶ 42; Docket No. 96 at p. 4).

Defendants further argue that they were authorized by the government to use the images contained in the slides in Appendices K and O. (Defendants' Facts at ¶ 42). Accordingly, in order to determine whether Defendants rightfully used the images at issue, the Court must determine

---

[6]

Defendants initially argued that the rights to the materials in this action are governed by 48 C.F.R., Chapter 1, Part 52 (Federal Acquisition Regulation System, or "FAR"), specifically 48 C.F.R. § 52.227-14. (Docket No. 49 at pp 29-30). Simpler subsequently argued that 48 C.F.R. § 52.227-14 is not applicable to contracts involving the Department of Defense, such as the one in this case. Instead, Simpler, argued, such provision applies only to NASA and civilian agencies.(Docket No. 58 at p. 22). During the February 21, 2007 oral argument on Simpler's Motion before Judge Hardiman, Defendants acknowledged that the 48 C.F.R. § 52.227-14 is not the controlling regulation in this case. (Docket No. 96 at p. 1). On July 11, 2007, the Court entered an Order permitting Defendants to supplement their initial discussion of this issue. (Docket No. 85).

In their supplemental brief, Defendants argued that 48 C.F.R. § 252.227 governs Simpler's rights with respect to materials provided to the Department of Defense. (Docket No. 96 at p. 5). Simpler agrees that this is the applicable provision, but disagrees that Defendants were granted a sublicense to use the documents at issue. (Docket No. 58 at p. 22-23; Docket No. 97 at p. 4). Defendants admit that they did not seek or receive a sublicense, but dispute the need to obtain a formal sublicense from the government (Docket No. 100 at p. 3), and further argue that the government "specifically authorized Mr. Wall to use the documents in question." (Docket No. 96 at p. 9).

whether Defendants obtained permission from the government to use the images. Simpler's evidence that Defendants lacked authorization from the government to use the images consists of Wall's testimony that he did not receive a sublicense from the government to use the Simpler materials and that Wall could not remember where he obtained certain pages of these materials. (Docket No. 58 at p. 27).

Simpler further argues that even if the government obtained rights to the documents at issue pursuant to the DFARs, such regulations did not divest Simpler of its title to the same. (Docket No. 58 at p. 27). In support thereof, Simpler cites to authority from the United States Court of Appeals for the Ninth Circuit and the United States District Court for the Eastern District of Virginia. *See Northrup Corp. v. McDonnell Douglas Corp.*, 705 F.3d 1030, 1044 (9th Cir. 1983); *Secure Services Technology, Inc. v. Time and Space Processing, Inc.*, 722 F.Supp. 1354, 1365 (E.D.Va. 1989). Although Simpler's recitation of the law set out in *Northrup* and *Secure Services* is accurate, it is not relevant to the inquiry before this Court. *Northrup* and *Secure Services* support Simpler's argument that the DFARs do not waive Simpler's copyright protection. The issue on summary judgment, as the parties have framed it, however, is not whether Defendants received authorization from Simpler to use the documents at issue, or whether Simpler may still use the documents at issue. Instead, this Court must determine whether Defendants received authorization, in the form of a license or otherwise, from the government to use the documents. Accordingly, whether Simpler's copyright protection is intact is not relevant to the present inquiry before the Court.

Although Wall testified that he did not recall the source of certain (but not all of the) images included in the slides (Plaintiff's Facts at ¶¶ 41, 44), he now recalls that, in fact, a

government entity authorized Defendants to use all of the images contained in the slides. (Defendants' Facts at ¶ 42). While Wall presents conflicting accounts as to the source of some of the images, raising issues of credibility, issues of fact exist as to whether Defendants were authorized by the government to use at least certain of the images contained in Appendices K and O. This Court cannot resolve the dispute at the summary judgment stage as "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Hunt v. Cromartie,* 526 U.S. 541, 551 (1999) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)).

In pursuing summary judgment, the moving party bears the burden of showing that it is entitled to judgment as a matter of law. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Simpler has not shown that Defendants did not have authorization from the government to use the documents at issue, if indeed, Defendants received the documents from the government, or that Defendants could not have received the documents from the government. Accordingly, issues of material fact exist as to this claim and Simpler's Motion is DENIED as to Count I.

    **B.**    **Simpler's Conversion Claim (Count IV)**

Conversion is defined as "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *McKeeman v Corestates Bank, N.A.*, 751 A.2d 655 n.3 (Pa. Super. 2000). Simpler alleges that Wall converted Simpler's tangible property when he retained the source materials used to create the documents in Appendices K and O. (Docket No. 38 at p. 26). Further,

11

Simpler argues that its tangible property rights are separate and apart from its intangible copyright and that such tangible property rights may be violated even if its copyright is not. *Salinger v. Random House, Inc.*, 811 F.2d 90, 94-95 9 (2d Cir. 1987); (Docket No. 58 at p. 30). Nevertheless, Simpler relies on the same argument it asserts in support of its motion for summary judgment as to the copyright claim, the crux of which is that Defendants did not have permission to use the images used to create Appendices K and O. (Docket No. 38 at p. 26; Docket No. 49 at p. 44). Defendants argue that they had permission to use the images, and therefore, did so lawfully. (Docket No. 49 at p. 44). Further, Defendants deny that the documents at issue were "originated or created" by Simpler, although the parties dispute whether this is relevant to the Court's inquiry. (Docket No. 49 at p. 44; Docket No. 58 at p. 30). As set forth above, issues of fact exists as to whether Defendants lawfully possessed the images contained in Appendices K and O. Accordingly, Simpler's Motion is DENIED as to Count IV.

### C. Simpler's Lanham Act Claim (Count VI)

Section 43(a) of the Lanham Act provides for civil liability against any person who, in connection with any good or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false or misleading description of fact, or any false or misleading representation of fact, which-

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]

15 U.S.C. § 1125(a).

In an action pursuant to Section 43(a) of the Lanham Act, the plaintiff must show that the advertisements at issue are literally false or that customer confusion has occurred. *Castrol, Inc.*

*v. Penzoil, Co.*, 987 F.3d 939, 943 (3d Cir. 1993). When a representation is literally false, the court may grant relief without regard to the impact of the representation on the public. *Id.* For a representation to be literally false, it must be both specific and measurable by comparative research. *Id.* at 946. The determination of whether an advertisement is literally false is a two-step process. "In analyzing whether an advertisement . . . is literally false, a court must determine, first, the unambiguous claims made by the advertisement . . ., and second, whether those claims are false." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms, Co.*, 290 F.3d 578, 586 (3d Cir. 2002). Only an unambiguous message can be literally false, but a literally false message need not be explicit. *Id.* It may also be "conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." *Id.* at 586-87 (internal citations omitted). Finally, the "greater the degree to which a message relies upon the viewer or consumer to integrate its components and draw the apparent conclusion. . . the less likely it is that a finding of literal falsity will be supported." *Id.* at 587 (internal citations omitted). In determining whether a representation is literally false, the court must "analyze the message conveyed in full context." *Castrol,* 987 F.2d at 946. When the representation is implicitly rather than explicitly false, whether the representation violates the Lanham Act should be "tested by public reaction." *Id.* Accordingly, where a representation is not literally false, the plaintiff must show by a preponderance of the evidence that consumers were actually deceived by the representation. *Id.*

In the present case, Simpler alleges that BESCorp's brochure contains representations of fact that are literally false. (*See* Plaintiff's Facts at ¶¶ 64-69; Docket No. 58 at p. 31). First, Simpler alleges that the BESCorp brochure represents that the Air Force is a BESCorp client.

(Plaintiff's Facts at ¶ 65). In his deposition testimony, Wall made conflicting statements as to whether the Air Force is a BESCorp client. (Defendants' Facts at ¶ 65). Wall now contends that the Air Force is indeed a BESCorp client and that the contradictory statement was made in error. (Defendants' Facts at ¶ 65).

It is well settled that, where evidence is contradictory, the question must be submitted to the jury. *U.S. v. Rockwell*, 781 F.2d 985, 990 (3d Cir. 1986). The jury must then weigh the contradictory evidence and inferences and judge the credibility of the evidence. *Id*. Accordingly, given Wall's conflicting testimony, an issue of fact exists precluding summary judgment as to this representation.

BESCorp's brochure also provides, under the heading "CLIENTS," that Harrier achieved a "100:1 first year return on investment." (Plaintiff's Facts at ¶ 64). Defendants admit that Harrier was not a client of BESCorp. (Plaintiff's Facts at ¶ 66). Simpler argues that the representation in the brochure is a literal falsehood because the placement of this statement under the heading "CLIENTS" identifies Harrier as a BESCorp client and that such statement is literally false. (Docket No. 58 at p. 32). Defendants argue, however, that Wall "never stated that Harrier was a client of BESCorp. He only used Harrier as an example of what could be accomplished through lean." (Defendants' Facts at ¶ B. 66). Further, Defendants state that Wall provided mentoring and guidance to the Royal Air Force Officers responsible for the Harrier program, and had the permission of Graham Rowell, from Harrier, to make such reference. (Defendants' Facts at ¶ B. 66).

BESCorp's representation regarding Harrier is misleading at best. However, the Court finds that BESCorp's statement regarding Harrier under the heading "CLIENTS" is not literally

false because it does not unambiguously state that Harrier is a BESCorp client. Whether the placement of the statement is misleading, and whether BESCorp had permission to make such reference, are questions for a jury to decide. Accordingly, because this representation is not literally false, the Court cannot find that Simpler is entitled to judgment as a matter of law with regard to this representation.

Next, Simpler argues that the statement in BESCorp's brochure that several clients of BESCorp are recipients of the Shingo Prize for Excellence in Manufacturing is literally false. (Plaintiff's Facts at ¶ 58; Docket No. 38 at p. 27). Defendants deny this allegation despite Wall's deposition testimony that no BESCorp clients have won the Shingo Prize. (Defendants' Facts at ¶ 58). In support, Defendants provide an affidavit of Wall in which Wall corrects his deposition testimony, stating that the "U.S. Air Force is a BESCorp client and has been presented with several Shingo Prize Awards." (Defendants Facts at ¶ 68; Docket No. 52-5 at p. 38, ¶ 11 (Affidavit of Thomas M. Wall)). In its reply brief, Simpler did not respond to this statement in Wall's affidavit, nor did Simper raise the "sham affidavit doctrine." Therefore, it is unclear whether Simpler disputes Wall's delayed realization. Accordingly, this Court finds that an issue of fact exists as to whether this representation is literally false.

In addition, Simpler argues the quotations contained in the BESCorp brochure from Major General Dennis Haines and General Paul Kern are literally false because the work referred to in these quotations was performed by Simpler, not BESCorp. (Plaintiff's Facts at ¶ 63; Docket No. 38 at p. 26). Defendants deny these allegations, stating that the quotations at issue referred to improvements made by the government and do not refer to work performed by either Simpler or BESCorp. (Defendants' Facts at ¶ 63). The brochure, however, does not represent that the work

15

referred to in the quotations was performed by BESCorp. Accordingly, while use of the quotation could be construed by a jury as misleading, the message conveyed is not unambiguous. An ambiguous message cannot be a literal falsehood. *Novartis Consumer Health, Inc.*, 290 F.3d at 586. Therefore, this Court cannot find as a matter of law that Defendants' use of the above-referenced quotations is a violation of the Lanham Act.

Further, Simpler argues that BESCorp's use of two photographs of the Royal Air Force Base in Cottesmore in its brochure is a literal falsehood because the Royal Air Force Base in Cottesmore is a client of Simpler, not of BESCorp. (Docket No. 38 at p. 27). Defendants argue that the Royal Air Force Base in Cottesmore is not an exclusive client of Simpler, and indeed, is also a client of BESCorp's. (Defendants' Facts at ¶ 67). As set forth above, in order for a representation to be literally false, the representation must make an unambiguously false claim. If the Royal Air Force at Cottesmore is a client of BESCorp, then this Court cannot find as a matter of law that use of these photos in BESCorp's brochure results in an unambiguously false claim. Accordingly, Simpler is not entitled to judgment as a matter of law.

Finally, Simpler argues that Defendants, in changing the language on certain past performance documents from "the Anteon Simpler team" to "Mike Wall's Team," have made a literally false representation. (Plaintiff's Facts at ¶¶ 32-38; Defendants' Facts at ¶¶ 32-38; Docket No. 38 at p. 27). Although this representation could be construed by a jury to be misleading, Simpler fails to show that Defendants have made an unambiguously false representation by making this change.

While many of the representations made by Defendants are arguably misleading to the consumer, the representations and factual disputes discussed above must be evaluated by a jury.

Accordingly, this Court cannot find as a matter of law that Simpler is entitled to summary judgment on its Lanham Act claim.

**V.      Conclusion**

For the foregoing reasons, Simpler's Motion is DENIED as to Counts I, IV and VI. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc:      All counsel of record.

Date:   April 7, 2008.